**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ASHLEY G. ARAGONA, D.M.D.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:10-CV-1610-G** |
| | § | |
| **DR. CHARLES BERRY, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the order of reference filed December 9, 2010, before the Court for determination is *Individual Defendants' Amended Motion to Stay Discovery and for Protective Order* (doc. 18), filed December 7, 2010. Based on the relevant filings and applicable law, the motion to stay and for protective order is **GRANTED**.

## I. BACKGROUND

Plaintiff, a former student of the Baylor College of Dentistry ("College"), has filed suit against the College administrator and two faculty members in their individual capacities, alleging that they dismissed him from the College without providing him substantive and procedural due process, conspired to deprive him of the equal protection of the laws, and violated his rights of free speech and academic freedom. The individual defendants have asserted qualified immunity as a defense, have moved to dismiss all of the claims against them under Fed. R. Civ. P. 12(b)(6) & (1), and have moved in the alternative for a Rule 7 reply. The motions remain pending. The individual defendants have also filed a motion to stay discovery pending resolution of the qualified immunity issue, and alternatively, to limit discovery to the issue of qualified immunity. A response and reply were timely filed.

## II. ANALYSIS

The individual defendants move to stay broad-reaching discovery, including depositions, written discovery, production of documents, and designation of experts, until a reasonable time after their assertion of qualified immunity is overturned. (Mot. at 2-3; doc. 18-1.) Alternatively, they request the Court to limit discovery to the issue of qualified immunity. (Mot. at 2-3.) Objecting that the term "reasonable time" is ambiguous, Plaintiff requests a more definite time frame for operation of the stay. (Resp. at 6.) He also requests depositions of the three individual defendants prior to the determination of the qualified immunity defense, reasoning that the inherent difficulty in ascertaining all of the facts underlying a conspiracy claim necessitates this discovery. (*Id.* at 6-7.)

"Public officials acting within the scope of their official duties are shielded from civil liability by the qualified immunity doctrine." *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir. 1999). "[S]ubjecting officials to trial, traditional discovery, or both concerning acts for which they are likely immune undercuts the protection from governmental disruption which official immunity is purposed to afford." *Elliott v. Perez*, 751 F.2d 1472, 1478 (5th Cir. 1985). Thus, "allowing any but perhaps the most preliminary proceedings on the immunity-barred claim runs squarely counter to the doctrine's basic protective purpose: that officials be free to exercise their duties and functions without fear of having their attentions distracted by the subsequent claims of unhappy or unsuccessful litigants." *Id.*

"[Q]ualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987); *see also Wicks v. Miss. State Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995). In ruling on a plaintiff's entitlement to limited discovery on the issue of qualified immunity, the Court

must make two inquiries. First, the Court must determine whether "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks*, 41 F.3d at 995. If the plaintiff's pleadings fail to meet this heightened pleading standard, the Court should dismiss the case "before any discovery is allowed." *Id.* Conversely, if the plaintiff's pleadings meet this standard, the court must then determine "whether the immunity defense sufficiently turn[s] on a factual issue requiring discovery." *Id.* at 997. If the defendants' immunity defense does in fact turn on a factual issue requiring discovery, "the district court may then proceed…to allow the discovery necessary to clarify those facts upon which the immunity defense turns." *Id.* at 995.

In the present case, allowing even limited discovery on the qualified immunity issue would be premature at this time. Such limited discovery should only take place in the event that this Court finds both that Plaintiff's pleadings have met the heightened pleadings standard and that the individual defendant's qualified immunity defense turns on a factual issue requiring discovery. Because the individual defendants' motion to dismiss and their alternative motion for a Rule 7 reply are pending, the Court has not yet had an opportunity to determine if it is "unable to rule on the immunity defense without further clarification of the facts" and how a discovery order can "be narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Lion Buolos*, 834 F.2d at 507-08. The decision whether to allow discovery must therefore await assessment of whether Plaintiff's complaint is sufficient to overcome the assertion of qualified immunity or is otherwise adequate to warrant his obtaining limited discovery. *See Rhodes v. Prince*, 2006 WL 954023, at *1 (N.D. Tex. Apr. 11, 2006) (Fitzwater J.) (citing *Wicks*, 41 F.3d at 994) (ruling that the decision whether to allow discovery must await the magistrate judge's assessment of whether plaintiff's rule 7(a) reply was sufficient to overcome defendants' claims of qualified immunity or

is otherwise adequate to warrant his obtaining limited discovery because even limited discovery "must not proceed until the district court *first* finds that plaintiffs' pleadings assert facts which, if true would overcome the defense of qualified immunity") (emphasis in original). A stay of discovery is therefore appropriate pending determination of the motion to dismiss, and in the alternative, for a Rule 7 reply. If the motions are denied, the Plaintiff may then seek discovery limited to the issue of qualified immunity.

### III. CONCLUSION

The individual defendants' amended motion to stay discovery and for protective order is **GRANTED**.

**SO ORDERED on this 9th day of March, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE